STATE OF MISSOURI )
)
COUNTY OF ST. LOUIS )

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| ANNETTE HELLER, individually and on behalf of all others similarly-situated,<br><br>    Plaintiff,<br><br>v.<br><br>HRB TAX GROUP, INC.,<br>    Serve:  CT Corporation System,<br>              Registered Agent<br>              120 S. Central Avenue, Ste 400<br>              Clayton, MO  63105<br>              St. Louis County<br><br>    Defendant. | Cause No. _____<br><br>Division<br><br><br><br>SHERIFF<br><br>9 |

## CLASS ACTION PETITION

Plaintiff, ANNETTE HELLER ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, HRB TAX GROUP, INC., ("Defendant"):

## PRELIMINARY STATEMENT

1.    This case challenges Defendant's practice of sending unsolicited facsimile advertisements.

1

2. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from sending or having an agent send fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND PARTIES

6. This court has personal jurisdiction over Defendant because Defendant transacts business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri. Further, the amount in controversy is less than $75,000.00 per class member. This Court has exclusive jurisdiction over this case pursuant to 47 U.S.C. §227(b)(3).

7. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages

and fees. Plaintiff expressly disclaims any individual recovery up to or in excess of $75,000.00, inclusive of all forms of damages and fees.

8. Plaintiff ANNETTE HELLER, is an individual doing business as Heller & Associates with its principal place of business in Missouri.

9. On information and belief, Defendant, HRB TAX GROUP, INC., is a corporation with its principal place of business in Missouri and previously doing business as H & R Block Services, Inc.

## FACTS RELEVANT TO ALL COUNTS

10. On or about April 8, 2010 Defendant sent an unsolicited advertisement to Plaintiff in the County of St. Louis, Missouri by facsimile transmission. A true and correct copy of the facsimile is attached as Exhibit 1.

11. Defendant approved, authorized and participated in the scheme to broadcast faxes by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

12. Defendant created or made Exhibit 1, which Defendant distributed to Plaintiff and the other members of the class.

13. Exhibit 1 is a part of Defendant's work or operations to market Defendant's goods or services which was performed by Defendant and on behalf of Defendant.

14. Exhibit 1 constitutes material furnished in connection with defendant's work or operations.

15. Exhibit 1 hereto is material advertising the commercial availability of any property, goods, or services.

16. The transmissions of Exhibit 1 to Plaintiff did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

17. The transmissions of Exhibit 1 to Plaintiff did not contain a notice that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(3)(v) of this section is unlawful.

18. The transmissions of Exhibit 1 to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(3).

19. The transmissions of Exhibit 1 to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(3).

20. Plaintiff had not invited or given permission to Defendant to send fax advertisements.

21. Plaintiff did not have an established business relationship with Defendant.

22. On information and belief, Defendant faxed the same and similar advertisements to more than 39 other recipients without first obtaining the recipients' prior express permission or invitation.

23. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unlawful faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

4

24. Defendant knew or should have known that: (a) Exhibit 1 was an advertisement; (b) Defendant did not obtain prior permission or invitation to send Exhibit 1; (c) Defendant did not have an established business relationship with Plaintiff or the other members of the class and (d) Defendant did not display a proper opt out notice.

25. Defendant engaged in the transmission of Exhibit 1 believing such transmissions were legal based on Defendant's own understanding of the law and/or based on the representations of others on which Defendant reasonably relied.

26. Defendant did not intend to send transmissions Exhibit 1 to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of Exhibit 1 were sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendant's own understanding of the law and/or based on the representations of others on which Defendant reasonably relied.

27. Defendant failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of Exhibit 1 both to others in general, and specifically to Plaintiff.

28. The transmissions of Exhibit 1 to Plaintiff caused destruction of Plaintiff's property.

29. The transmissions of Exhibit 1 to Plaintiff interfered with Plaintiff's exclusive use of Plaintiff's property.

30. The transmissions of Exhibit 1 to Plaintiff interfered with Plaintiff's business and/or personal communications.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

31. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32. Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the tax services of HRB Tax Group by or on behalf of Defendant and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation.

33. A class action is warranted because:

   a. On information and belief, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

   b. There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

   i. Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

   ii. Whether Exhibit 1 contains material advertising the commercial availability of any property, goods or services;

   iii. Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

   iv. The manner and method Defendant used to compile or obtain the list of fax numbers to which they sent Exhibit 1 and other unsolicited faxed advertisements;

   v. Whether Defendant faxed advertisements without first obtaining the recipients' prior express permission or invitation;

   vi. Whether Defendant violated the provisions of 47 USC § 227;

6

vii. Whether Plaintiff and the other class members are entitled to statutory damages;

viii. Whether Exhibit 1 displayed the proper opt out notice required by 64 C.F.R. 1200;

ix. Whether Defendant knowingly violated the provisions of 47 USC § 227;

x. Whether Defendant should be enjoined from faxing advertisements in the future; and

xi. Whether the Court should award trebled damages.

34. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

35. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

36. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

37. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

38. The TCPA provides:

<u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) Both such actions.

39. The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

40. The TCPA is a strict liability statute and the Defendant are liable to Plaintiff and the other class members even if their actions were only negligent.

41. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's actions interfered with Plaintiff's use of its fax machine and telephone line connected to that fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's unlawful faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

42. Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to interfere with recipients' fax machines or consume the recipients' valuable time with Defendant's advertisements.

43. If the court finds that Defendant knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227(b)(3).

44. Defendant knew or should have known that: (A) Plaintiff and the other class members had not given express permission or invitation for Defendant or anyone else to fax advertisements about Defendant's goods or services, (B) Defendant did not have an established business relationship with Plaintiff and the other members of the class, (C) Exhibit 1 was an advertisement, and (D) Exhibit 1 did not display the proper opt out notice.

45. Defendant violated 47 U.S.C. § 227 et seq. by transmitting Exhibit 1 hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 64 C.F.R. 1200.

46. Defendant's actions caused damages to Plaintiff and the other class members, because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant were using Plaintiff's fax machine for Defendant's unauthorized purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendant's unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities. Finally, the injury and property damage sustained by Plaintiff and the other members of the class occurred outside of Defendant's premises. Pursuant to law, Plaintiff, and each class member, instead may recover $500 for each violation of the TCPA.

WHEREFORE, Plaintiff, ANNETTE HELLER, individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendant, HRB TAX GROUP, INC., as follows:

A.  That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.  That the Court award $500.00 in damages for each violation of the TCPA;

C.  That the Court enter an injunction prohibiting the Defendant from engaging in the statutory violations at issue in this action; and

D.  That the Court award costs and such further relief as the Court may deem just and proper, but in any event, less than $75,000.00 per individual, inclusive of all damages and fees.

E.  That the Court award pre-judgment and post-judgment interest at the statutory rate of 9%.

## COUNT II
## CONVERSION

47.  Plaintiff incorporates Paragraphs 3 and 4, and 6 through 30 as for its paragraph 47.

48.  In accordance with Mo. S. Ct. Rule 52.08, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the tax services of HRB Tax Group by or on behalf of Defendant and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation.

49. A class action is proper in that:

   a. On information and belief the class consists of more than 40 persons and is so numerous that joinder of all members is impracticable.

   b. There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

   i. Whether Defendant engaged in a pattern of sending unsolicited faxes;

   ii. Whether Defendant sent faxes without obtaining the recipients' prior express permission or invitation of the faxes;

   iii. The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit 1 and other unsolicited faxes;

   iv. Whether Defendant committed the tort of conversion; and

   v. Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

50. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

51. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

11

52. By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

53. Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machine, paper, toner, and employee time.

54. By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

55. Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

56. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of the sending of unsolicited fax advertisements from Defendant.

57. Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's unlawful faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

58. Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for

Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's unlawful purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's unlawful faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ANNETTE HELLER, individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendant, HRB TAX GROUP, INC., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award appropriate damages;

C. That the Court award costs of suit; and

D. Awarding such further relief as the Court may deem just and proper, but in any event, less than $75,000.00 to any individual class member inclusive of all damages.

## COUNT III
## MISSOURI CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## Chapter 407

59. Plaintiff incorporates Paragraphs 3 and 4, and 6 through 30 as for its paragraph 59.

60. In accordance with Chapter 407, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the tax services of HRB Tax Group by or on behalf of Defendant and (3) with

13

respect to whom Defendant cannot provide evidence of prior express permission or invitation.

61. A class action is proper in that:

a. On information and belief the class consists of thousands of persons in Missouri and throughout the United States and is so numerous that joinder of all members is impracticable.

b. There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

   i. Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

   ii. The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit 1 and other unsolicited faxed advertisements;

   iii. Whether Defendant's practice of sending unsolicited faxed advertisements violates Missouri public policy;

   iv. Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Missouri Merchandising Practices Act (MMPA), Chapter 407 RSMO; and

   v. Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

62. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving

14

lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

63. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

64. Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

65. Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

66. Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

67. Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's unlawful purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's unlawful faxes and that time otherwise would have been spent on Plaintiff's business activities.

15

WHEREFORE, Plaintiff, ANNETTE HELLER, individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendant, HRB TAX GROUP, INC., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award damages to Plaintiff and the other class members;

C. That the Court award attorney fees and costs;

D. That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements; and

E. Awarding such further relief as the Court may deem just and proper, but in any event, less than $75,000.00 to any individual class member inclusive of all damages.

Respectfully submitted,

_____
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
14236 Cedar Springs Dr.
Chesterfield, MO 63017
Phone: (314) 434-8502
Fax: (314) 434-8451
E-Mail: MaxMargulis@MargulisLaw.com
*Attorneys for Plaintiff*

Of Counsel
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Phone: (847) 368-1500
Fax: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

Annette Hella 344



# H&R BLOCK®

## A FRIENDLY REMINDER
## ONLY
## 7 DAYS LEFT!

**The Failure to File:** Penalty is 5.0% for each month after the due date of the return (maximum of 25%, or 5 months).

**Example:**
**Failure to File Penalty** $5,000 balance due would be $250 per month ($5,000 x 5%)

**The Failure to Pay** penalty (interest) is one half of one percent (0.50%) reduced to one quarter of one percent (0.25%) when an installment agreement exists. This will continue until the entire balance is paid in full.

**Examples:**
**The Failure to Pay Penalty** (interest) would be $25 per month ($5,000 x 0.50%) or $12.50 ($5,000 x 0.25%) with an approved installment, until the balance is paid in full.

Source: IRS Publication 17.

One in five people wait until the final week to file their taxes by the April 15 deadline. Most of these last-minute taxpayers owe taxes and their returns tend to be more complicated.

**WE WANT TO HELP ALL YOU PROCRASTINATORS!
DID YOU KNOW THAT UP TO 10 ERRORS ARE FOUND ON TAX RETURNS BY PEOPLE DOING THEIR OWN AT THE LAST MINUTE?**

Click, call or come over.
hrblock.com | 800-HRBLOCK
©2009 HRB Tax Group, Inc.

**The Gold Tower of Westport**
111 Westport Plaza Ste 100
Maryland Heights, MO 63146
**Tel.314.878.3800**
**Fax.314.878.6662**

**Office Hours**
Monday - Thursday 9:00AM-9:00PM
Friday & Saturday 9:00AM-5:00PM
Sundays by appointment only

Are you too busy?
We offer Drop-Off-Service

**EXHIBIT 1**

I certify and attest that the above is a true copy of the original record of the Court in case number 11SL-CC01964 as it appears on file in my office.

Issued

6/20/2011

**JOAN M. GILMER**, Circuit Clerk
St. Louis County Circuit Court

By Cassidy Dobson
Deputy Clerk



CCOPR36   Rev. 06/00