UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANNETTE HELLER, individually and on behalf of all others similarly-situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No.  4:11CV1121 TIA |
| | ) |
| HRB TAX GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Annette Heller's Motion to Remand (Docket No.

8).  Defendant HRB Tax Group, Inc. filed a Memorandum in Opposition (Docket No. 10) and

Plaintiff did not file a Reply thereto.  All matters are pending before the undersigned United States

Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

The propriety of removal to federal court depends on whether the claim comes within the

scope of the federal court's subject matter jurisdiction.  See § 1441(b).  A claim may be removed only

if it could have been brought in federal court originally.  Peters v. Union Pacific R. Co., 80 F.3d 257,

260 (8th Cir. 1996).  The party seeking removal and opposing remand has the burden to establish

federal subject matter jurisdiction.  Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009); see also

In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  All doubts

about federal jurisdiction must be resolved in favor of remand.  Id. at 183.

Plaintiff Annette Heller filed this putative class action against Defendant HRB Tax Group, Inc.

("HRB"), in state court seeking statutory damages for HRB's alleged violation of the Telephone

Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. which authorizes a "[p]rivate right

of action" when a person is "otherwise permitted by the laws or rules of court of a State" to bring

the action.  47 U.S.C. § 227(b)(3).  In relevant part, Plaintiff in the Class Action Petition alleges that

HRB faxed an advertisement to Plaintiff, as well as other putative class members, without the

recipients' permission.  Plaintiff contends that HRB's conduct violates the TCPA, common law of

conversion, and the consumer protection statutes and seeks an award of statutory damages for each

violation of the TCPA.  Thereafter, Defendant HRB Tax Group, Inc. removed the instant action to

federal court invoking this Court's federal-question  jurisdiction.  A review of Plaintiff's Petition

shows that Plaintiff has pled a federal question on the face of the Petition, and the undersigned finds

that the case was properly removed by HRB pursuant to 28 U.S.C. § 1331.

The Eighth Circuit Court of Appeals has not addressed whether federal-question jurisdiction

exists over TCPA claims.  In a recent opinion granting summary judgment in favor of defendant, the

Honorable Audrey G. Fleissig opined as follows:

> Although not raised by the parties, the Court must satisfy itself that it has subject
> matter jurisdiction over this action.  All federal courts of appeals that have considered
> the question have concluded that federal district courts have federal-question
> jurisdiction over claims under the TCPA and pendent state law claims, even though
> the TCPA explicitly provided for a private right of action in state court.  Charvat v.
> EchoStar Satellite, LLC, ___ F.3d ___, No. 09-4525, 2010 WL 5392875, at *4 (6th
> Cir. Dec. 30, 2010) (citing cases from three other circuits).

Nack v. Walburg, No. 4:10cv478AGF, 2011 WL 310249, at *4 n.2 (E.D. Mo. Jan. 28. 2011).[1]  On

January 18, 2012, the United States Supreme Court found in an unanimous decision that the TCPA's

grant of jurisdiction to state courts does not deprive this Court of federal-question jurisdiction over

---

[1]On February 28, 2011, Plaintiff filed a Notice of Appeal raising the issue: "Does the FCC
regulation at 47 C.F.R. § 64.1200(a)(3)(iv) require an opt-out notice on a facsimile advertisement
sent with express invitation or permission of the recipient?"  Nack v. Walburg, No.
4:10cv478AGF (ECF No. 42).

private lawsuits seeking to enforce the Act.  <u>Mims v. Arrow Fin. Servs., LLC</u>, __ S. Ct. __, 2012 WL
125429, January 18, 2012.

  For the foregoing reasons, the Court concludes that it has subject matter jurisdiction over this
case.  Plaintiff's Motion to Remand should therefore be denied.  Accordingly,

   **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Docket No. 8) is DENIED.


        /s/ Terry I. Adelman
        UNITED STATES MAGISTRATE JUDGE


Dated this  19th  day of January, 2012.