UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANNETTE HELLER, individually and on behalf of all others similarly-situated,

Plaintiff,

v.

HRB TAX GROUP, INC.,

Defendant.

Case No. 4:11CV1121 TIA

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant HRB Tax Group, Inc.'s Motion for Protective Order on Plaintiff's Rule 30(B)(6) Deposition Notice. Plaintiff Annette Heller filed a Memorandum in Opposition, and Defendant filed a Reply thereto. All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Annette Heller filed this putative class action[1] against Defendant HRB Tax Group, Inc. ("HRB"), seeking statutory damages for HRB's alleged violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, which authorizes a "[p]rivate right of action" when a person is "otherwise permitted by the laws or rules of court of a State" to bring the action. 47 U.S.C. § 227(b)(3). Heller alleges that HRB sent an unsolicited advertisement to her and other potential class members by fax without obtaining the recipients' prior express permission of invitation in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. In relevant part, Plaintiff

---

[1] The instant Petition seeks to certify a class of: all persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the tax services of HRB Tax Group by or on behalf of Defendant and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation.

alleges that HRB faxed an advertisement to Plaintiff, as well as other putative class members, without the recipients' permission.  Plaintiff contends that HRB's conduct violates the TCPA, common law of conversion, and the consumer protection statutes[2] and seeks an award of statutory damages for each violation of the TCPA.

In the instant motion, HRB alleges that Topics 2, 4, 7, 10, 13, and 19 seek information and testimony on a nationwide basis from thousands of HRB offices even though Plaintiff has not alleged any faxing done by those other offices.  HRB alleges topic 20 improperly inquires into HRB's assets, debts, and financial status, and topic 21 seeks information about various insurance policies despite HRB's confirmation that no such policy exists that would provide coverage.

In response, Plaintiff contends that the petition does not limit the class to persons who received faxes from HRB's Maryland Heights, Missouri office, the office that sent the unsolicited fax.  During oral argument on November 2, 2012 and in open Court, Plaintiff's counsel withdrew Topics 20 and 21.

In reply, HRB contends that Plaintiff is attempting to embark in nationwide discovery relying solely on her alleged representation of a nationwide putative class.  HRB notes that this action is based on a single fax sent to Plaintiff in Missouri from one HRB office in 2010, and all other potential recipients are also residents of Missouri, and members of the Maryland Heights' Chamber of Commerce.  HRB contends that because Plaintiff seeks information beyond the narrow scope of her factual allegations set forth in the petition, the requested deposition topics are not relevant to the instant action.

---

[2]Plaintiff voluntarily dismissed Counts II and Count III.  (ECF Nos. 41-43).

"Parties may obtain discovery regarding any non privileged matter this is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents..." Fed. R. Civ. P. 26(b)(1).  However, "[t]he District Court does have discretion to limit the scope of discovery."  Credit Lyonnais v. SGC Int'l, Inc., 160 F.3d 428, 431 (8th Cir. 1998) (citation omitted).  To determine if a matter is discoverable, the analysis may require the court to first determine whether the sought discovery is relevant to a claim or defense. Accordingly, although limited, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on" the claims or defenses of any party. Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351 (1978).  "However, although the standard of relevance in the context of discovery may be broader than in the context of admissibility, 'this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery.'" Ariel Preferred Retail Group, LLC v. CW Capital Asset Mgmt., 2012 WL 1620506, at *3 (E.D. Mo. May 9, 2012) (quoting Hofer v. Mack Truck, Inc., 981 F.2d 377, 380 (8th Cir. 1993)).

A party may move for an order protecting disclosure or discovery, which is granted only upon a showing of good cause.  See Fed. R. Civ. P. 26(c).  The party moving for the protective order has the burden to demonstrate good cause for issuance of the order.  Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 926 (8th Cir. 1999).  In order to make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16 (1981) (quoting 8 C. Wright & A. Miller, Federal Practice & Procedure § 2035, p. 265 (1970)); Miscellaneous Docket Matter, 197 F.3d at 926.  Thus, for good cause to exist, the parties seeking protection must show that specific prejudice or harm

will result if no protective order is granted. See Frideres v. Schiltz, 150 F.R.D. 153, 156 (S.D. Iowa 1993). The prejudice or harm protected by Rule 26(c) includes“annoyance, embarrassment, oppression, or undue burden or expense.” See Fed. R. Civ. P. 26(c); Crawford-El v. Britton, 523 U.S. 574, 599 (1998). “Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted.” General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204,1212 (8th Cir. 1973) (citing United States v. Kordel, 397 U.S. 1, 4-5 (1970)). “Rule26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.” Seattle Times Co. v. Rhinehart,467 U.S. 20, 36 (1984); Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 362 (8thCir. 2003). The balance of relative hardships includes an assessment of any substantial detriment to a party caused by the inclusion or failure to include the protection at issue. See U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 (Fed. Cir. 1984). Plaintiffs are generally not entitled to company-wide discovery unless they show a particular need for the information requested. Semple v. Fed. Express Corp., 566 F.3d 788, 794 (8th Cir. 2009) (upholding denial of company-wide discovery in a wrongful termination claim absent a showing of particular need).

The Advisory Committee's Note to the 2000 Amendments to Rule 26(b)(1) provide guidance as to how courts define the scope of discovery in a civil case in relevant part as follows:

> The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signifies to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings. When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the

> action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested.

2000 Advisory Notes (GAP Report) to Rule 26(b)(1).

A review of the Class Action Petition shows no factual allegations to substantiate Plaintiff's claims to be national in scope and to justify nationwide discovery. In paragraph 10, Plaintiff alleges that "[o]n or about April 8, 2010 Defendant sent an unsolicited advertisement to Plaintiff in the County of St. Louis, Missouri by facsimile transmission. A true and correct copy of the facsimile is attached as Exhibit 1." (Pet. at ¶ 10). A review of the Petition shows that it is devoid of any other factual allegations asserting more than one fax was sent or that the fax was sent outside of Missouri by another HRB office. The Court finds that Plaintiff's requested deposition Topics 2, 4, 7, 10, 13, and 19 are beyond the scope of the allegations set forth in her Petition and allowing nationwide discovery would cause HRB undue burden and expense. See Ariel, 2012 WL 1620506, at *2-3 (holding discovery is dependent on the allegations set forth in the complaint).

Based on the foregoing, the pleadings, and argument of counsel,

**IT IS HEREBY ORDERED** that Defendant HRB Tax Group, Inc.'s Motion for Protective Order on Plaintiff's Rule 30(B)(6) Deposition Notice (ECF No. 30) is GRANTED.

/s/Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of November, 2012.