**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ANNETTE HELLER, individually and on behalf of all others similarly-situated, | ) ) ) | |
| Plaintiff, | ) ) | **Case No. 4:11-CV-01121-TIA** |
| v. | ) ) ) | |
| HRB TAX GROUP, INC., | ) ) | |
| Defendant. | ) ) | |

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
AGREEMENTAND NOTICE TO THE CLASS**

Plaintiff, Annette Heller individually and on behalf of all others similarly-situated ("Plaintiff"), respectfully requests that the Court enter an order (a) granting preliminary approval of the proposed Settlement Agreement attached hereto as Exhibit A, (b) approving the Notice of Class Action Settlement With Attached Claim Form ("Fax Notice") attached as Exhibit 2 to the Settlement Agreement and its distribution by facsimile to members of the settlement class, and (c) setting dates for opt-outs, objections, and return of claim forms, and a hearing for final approval. A proposed Order Preliminarily Approving Class Action Settlement is attached as Exhibit 1 to the Settlement Agreement and submitted independently with this Motion as Exhibit B.

In support of this Motion, Plaintiff states as follows:

## I.    BACKGROUND AND SUMMARY OF SETTLEMENT

1.    Plaintiff filed this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and Missouri state laws seeking to recover damages against Defendant, HRB Tax Group, Inc., ("Defendant") associated with  alleged violations of those laws.  of

2.      Through arm's-length negotiation, the parties reached an agreement to settle the claims of Plaintiff and the Class, as set forth in the Settlement Agreement attached as Exhibit A.

3.      Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expenses involved in pursuing the litigation to conclusion, , the protracted nature of the litigation, and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, Plaintiff and Defendant agreed to and executed the Settlement Agreement.

4.      The key terms of the Settlement Agreement are as follows:

(a)      Class Certification. The parties have stipulated to certification of a Settlement Class (the "Class"), pursuant to Fed R. Civ. P. 23 for settlement purposes, consisting of: "All persons and entities to whom the Maryland Heights Office of Defendant, successfully or unsuccessfully sent telephone facsimile messages of material advertising the commercial availability of property, goods, or services by Defendant, without an opt-out notice (the "Class"), during the period of March 1, 2010 to April 30, 2010."

(b)      Relief to Plaintiff and the Settlement Class. Defendant will make available a total of $95,150.00 (the "Settlement Fund") to pay class member claims, to pay an incentive payment to the class representative, to pay attorneys' fees and expenses to Class Counsel, and to pay other costs associated with the settlement. A copy of the proposed Order Finally Approving Class Action Settlement is attached as Exhibit 3 to the Settlement Agreement. Each Class member that submits a timely and valid claim form identifying itself as the holder of the fax number during the relevant period (March 1, 2010 to April 30, 2010), will be paid a per fax payment of $550.00 from the Settlement Fund. In the event the amount in the Settlement Fund after the submission of all claims

and the closing of the claims period is insufficient to pay the full $550.00 per fax to each claimant, then a *pro rata* share of the other costs incurred by the Settlement Fund for attorneys' fees, the incentive award and administrator costs will be deducted from each $550.00 payment. Any unclaimed remainder will revert to HRB.

(c)     <u>Class Notice</u>. Within 14 days of the Court's preliminary approval of the Settlement Agreement, the Claims Administrator will give or cause to be given notice of the settlement ("Notice") to the Class by sending the Notice to the class members by facsimile. If a class member cannot be notified by facsimile after three attempts, then the notice will be sent by mail. The proposed facsimile notice is attached to this Motion as Exhibit 2 of the Settlement Agreement. The class representative, Annette Heller, has consented to the transmission of the class notice by fax to each class member.

(d)     <u>Class Members' Right to Opt Out</u>. Any member of the Class may request to be excluded from the Settlement Agreement and the settlement by opting out of the Class within the time period set by this Court. Any member who opts out of the Class shall not be bound by any prior Court order or the terms of the Settlement Agreement and shall not be entitled to any of the monetary benefits set forth in the Settlement Agreement.

(e)     <u>Class Incentive Award</u>. Subject to this Court's approval, the class representative, Annette Heller, will receive an incentive award of $5,000.00 for her time, efforts and services on behalf of the Class as the class representative.

(f)     <u>Attorney's Fees and Expenses</u>. Subject to this Court's approval, Defendant agrees to pay Plaintiff's attorneys' fees in the amount equal to one-third of the Settlement Fund, plus reasonable out-of-pocket expenses incurred in this action from the Settlement Fund.

(g)      Remainder to HRB. Any remaining money in the Settlement Fund after all required payments shall revert to and be kept by HRB.

## II.      PRELIMINARY APPROVAL OF THE SETTLEMENT

5.      The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation. See *State ex rel. Union Planters Bank, N.A. v. Kendrick*, 142 S.W.3d 729, 735 (Mo. 2004) ("A class action is designed to promote judicial economy by permitting the litigation of the common questions of law and fact of numerous individuals in a single proceeding."); *White v. Nat'l Football League*, 822 F.Supp. 1389, 1416 (D.Minn.1993) ("The policy in federal court favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context."); *see also Newberg on Class Actions* § 11.41 (*Fourth*) (2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy.")

6.      Analyzing both the applicable laws and the likelihood of collecting a judgment from Defendant led Plaintiff's attorneys to believe that a settlement in the amount of $95,150.00 is fair, reasonable, and adequate compensation for the Class.  The TCPA provides for statutory damages of $500 per violation, inclusive of attorneys' fees or expenses incurred in prosecuting the claims.  Here, each claiming class member will be paid $550.00, for each fax successfully sent to them, or their *pro rata* share if the amount in the Settlement Fund after the submission of all claims is insufficient to pay $550.00 per fax.

7.      .

8.      If litigated through trial, this action would be expensive and time consuming, would involve numerous complex issues, would likely be the subject of various appeals, and would leave many uncertainties. *Mills v. American Mut. Ass'n*, 151 S.W.2d 459, 461 (Mo. App. 1941) ("[T]he law favors avoidance of litigation by compromise and settlement."). Based upon

the foregoing as well as the judgment of experienced trial counsel, this Court should grant preliminary approval of the proposed settlement. In fact, the proposed settlement is contingent upon the Court finding that it is fair and reasonable.

9.      Therefore, the parties request that the Court grant preliminary approval of the settlement. Additionally, the parties request that the Court set deadlines for members of the Class to opt out, object, or return claim forms in relation to the settlement.

## III.   CLASS CERTIFICATION

10.      The case is certifiable as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23 (a) in that:

a.      The Settlement Class, consisting of as many as 86 persons, is so numerous that joinder of all members is impracticable. Pursuant to Rule 23 (a) (1), there is sufficient evidence that the number of persons in the Class is so numerous that joinder of all members is impracticable. These numbers, alone, are sufficient to meet the numerosity requirement of Rule 23 (a).

b.      There are questions of law or fact common to the members of the Settlement Class. Pursuant to Rule 23 (a) (2) and (b) (3), there are questions of law and fact common to all members of the Class and those common questions predominate over any questions affecting individual members of the Class. It is not necessary that all issues be common to the class, but rather only that there be at least one common issue arising out of a ''common nucleus of operative fact.'' *Ad Hoc Committee to Save Homer G. Phillips Hospital v. City of St. Louis*, 143 F.R.D. 216 (E.D. Mo. 1992). Some of these common questions are, *inter alia*:

1.      Whether the facsimiles sent by or on behalf of Defendant constituted advertisements as defined by the TCPA;

5

2.    Whether Defendant's conduct, as alleged, violated the TCPA; and

3.    Whether Plaintiff and the Class members are entitled to statutory damages under the TCPA.

c.    The claims of the class representative are typical of the claims of the Settlement Class. Pursuant to Rule 23 (a) (3), Plaintiff's claims are typical of the claims of the members of the Class. "The relative simplicity of the typicality requirement may be summed up as follows: a class representative's claim is typical if it "arises from the same practice or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." *Linquist v. Bowen*, 633 F. Supp. 846, 859 (W.D. Mo. 1986). Plaintiff alleged that it and the other class members were sent Defendant's unsolicited fax advertisements. Here, Plaintiff's claims are identical to the claims of the Class. Further, the named Plaintiff has not alleged any cause of action only on behalf of itself, but rather all of its causes of action alleged are in a representative capacity for itself and for the benefit of the class it seeks to represent. Therefore, the Class meets the requirements of Rule 23 (a) (3).

d.    Plaintiff (the class representative) will fairly and adequately protect the interests of the Settlement Class. Pursuant to Rule 23 (a) (4), the named Plaintiff is a member of the class it seeks to represent and the named Plaintiff and its counsel have and will fairly and adequately protect the interests of the members of the Class. Plaintiff has vigorously pursued this litigation through qualified counsel and has sufficient understanding of her role as class representative. The settlement on behalf of the Class confers substantial benefits on the Class members. Therefore, the Class meets the requirements of Rule 23 (a) (4) and Plaintiff and its counsel are adequate representatives.

11.    Further, within the meaning of Rule 23 (b) (3), the questions of law or fact

6

common to the class predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to Rule 23 (b) (3), the class action procedure is superior to other available methods for the fair and efficient adjudication of this litigation. The alternatives, of course, to the class action procedure, are a multiplicity of identical individual suits which would strain Missouri judicial resources; or wholesale intervention of all the parties which would be impracticable. The interest of members of the Class in individually controlling the prosecution of separate actions is not likely to be a grave concern due to the statutory nature of the potential damages and the size of each class member's damages and thus does not render certification inappropriate. No evidence has been presented of other lawsuits of this nature against the Defendant, and therefore, the lack of any other litigation concerning the controversy does not prevent certification. Given the parties to this lawsuit, all of whom are located in Missouri, it is desirable to concentrate this litigation in this forum. Further, due to the  local nature of the alleged acts,  all class members are likely to reside in this judicial district. Any difficulties likely to be encountered in the management of this case are not insurmountable. Therefore, that the elements of Rule 23 (b) (3) are satisfied.

12.     This action is certifiable as a class action for purposes of settlement only with the Class being:

> All persons and entities to whom the Maryland Heights Office of Defendant, successfully or unsuccessfully sent, telephone facsimile messages of material advertising the commercial availability of property, goods, or services by Defendant, without an opt-out notice during the period of March 1, 2010 to April 30, 2010 (the "Class").

13.     Plaintiff, Annette Heller, asks the Court to appoint it as Class Representative, and appoint Plaintiff's attorneys as Class Counsel.

## IV.   NOTICE

14.     The Court should approve the form of Notice and the plan for the dissemination

of the Notice. *See* Exhibit B to the Settlement Agreement. The Notice complies with Rule 23 and the requirements of due process. *See* Rule 23 (c) (2); *State ex rel. Byrd v. Chadwick*, 956 S.W.2d 369, 385 (App. W.D. 1997) (to satisfy due process, the information contained in the notice of settlement of class action need only be general in nature, and can refer the putative class members to the court or counsel for detailed information). The parties propose that notice should be effectuated by direct fax notice to all class members at the fax numbers to which Defendant successfully or unsuccessfully sent the alleged advertisements at issue, and if unsuccessful after three (3) attempts, then by U.S. Mail. The parties submit that such notice is consistent with the Rule 23 (c) (2) and constitutional due process. Other courts have approved fax notice to classes, too.

## V.    FAIRNESS HEARINGS

15.     The parties request that the Court schedule a hearing to preliminary approve this settlement on May 17, 2013 at 9:30 am.

16.     The parties further request that the Court schedule a final fairness hearing to provide a forum for the proponents and any opponents to voice any opinions or objections about the settlement and to determine that class certification is proper and that the settlement should be finally approved. A proposed Final Approval Order is attached as Exhibit 3 to the Settlement Agreement.

WHEREFORE, Plaintiff, Annette Heller, respectfully requests that this Court enter a preliminary approval order in the form attached hereto as Exhibit B to the Settlement Agreement (and submitted herewith) granting preliminary approval of the proposed settlement, directing that Notice in the form attached as Exhibit 2 to the Settlement Agreement be sent to the members of the Class by facsimile transmission, and setting dates for opt-outs, objections, and a hearing for final approval. Respectfully submitted,

/s/ Max G. Margulis

Max G. Margulis #24325MO
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022
F:  (636) 536-6652
E-Mail: MaxMargulis@MargulisLaw.com

Phillip A. Bock #6224502IL
Bock & Hatch, LLC
134 North LaSalle
Chicago, IL 60602
P: 312-658-5500
F: 312-658-5555
Email: phil@bockhatchllc.com

Brian J. Wanca, of counsel
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
(847) 368-1500
*Plaintiff's Attorneys*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2013, I submitted the foregoing via this Court's CM/ES system, which served notice of the filing on the Attorneys for Defendant, Glennon P. Fogarty, #42983MO, Husch Blackwell LLP, 190 Carondelet Plaza, Ste 600, St. Louis       MO       63105,       P:       314-480-1912,       F:       314-480-1505,       Email: glennon.fogarty@huschblackwell.com and Bruce A. Moothart, #45517, Husch Black Well, LLP, 4801 Main, Suite 1000, Kansas City, MO 64112, P: 816-983-8000, F: 816-983-8080, Email: bruce.moothart@huschblackwell.com and a courtesy copy was also served by email.

/s/ Max G. Margulis