IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANNETTE HELLER, individually and on behalf of all others similarly-situated, | ) ) ) |
| Plaintiff, | ) Case No. 4:11-cv-01121-TIA ) |
| v. | ) ) |
| HRB TAX GROUP, INC., | ) ) |
| Defendant. | ) |

## ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT

The matter coming before the Court on the parties' request for final approval of the class action settlement, including approval of fees and expenses, due notice given, the parties appearing through counsel, and the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1. This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2. Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case.

3. The Settlement Class is defined as follows:

All persons and entities to whom the Maryland Heights Office of Defendant, successfully or unsuccessfully sent telephone facsimile messages of material advertising the commercial availability of property,

1

      goods, or services by Defendant, without an opt-out notice (the "Class"), during the period of March 1, 2010 to April 30, 2010.

Excluded from the Settlement Class are HRB Tax Group, Inc. ("HRB") and its insurers, including any parent, subsidiary, affiliate or controlled person of HRB or its insurers, as well as its officers, directors, agents, servants or employees of HRB or its insurers and the immediate family members of such persons.

    4.    The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

    5.    Upon the Declaration of Nancy A. Johnson, the Court finds that the notice was given to Class Members, and finds that such notice was the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23 (e) (1).

    6.    Upon the Declaration of Cindy Layne, the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

    7.    No objections were received and no one appeared in Court at the fairness hearing to object to the settlement. All objections are overruled.

    8.    No persons have excluded themselves from the Settlement Class.

    9.    After due consideration of the uncertainty about the likelihood of the Settlement Class's ultimate success on the merits; the range of the Settlement Class's possible recovery; the complexity, expense and duration of the litigation; the substance and amount of opposition to the settlement; and the state of proceedings at which the settlement was achieved; all written submissions, affidavits, and arguments of counsel; and after notice and hearing, this Court finds that the settlement is fair, adequate, and reasonable. This Court also finds that the financial settlement terms fall within the range

of settlement terms that would be considered fair, adequate, and reasonable. Accordingly, this Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the Parties, including the class members. Each class member (except those who have previously excluded themselves from the Settlement Class by submitting a Notice to Class Counsel indicating that they are opting out and are identified above) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in that Settlement Agreement.

10. HRB Tax Group, Inc. ("HRB") has created a settlement fund (the "Settlement Fund") of $95,150.00 to pay all claims by members of the Settlement Class, to pay Class Counsel's fees and out-of-pocket expenses, and to pay the Class Representative's incentive award. Unclaimed monies in the Settlement Fund shall remain with HRB.

11. As agreed in the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will receive a per fax payment of $550.00 from the Settlement Fund. In the event the amount in the Settlement Fund after the submission of all claims and the closing of the claims period is insufficient to pay the full $550.00 to each claimant, then a *pro rata* share of the other costs incurred by the Settlement Fund for attorneys' fees, expenses, the incentive award and administrator costs will be deducted from each $550.00 payment. Checks issued to the claiming Class members will be void one hundred and twenty (120) days after issuance and any amount from void checks shall be retained by HRB.

12. Pursuant to the parties' agreement, the Court approves Class Counsel's attorney's fees in the amount of $31,716.66 (one-third of the total Settlement Fund) plus

3

out-of-pocket expenses in the amount of $3,036.81. In accordance with the Settlement Agreement, these amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

13. Pursuant to the parties' agreement, the Court approves a $5,000.00 incentive award to plaintiff, Annette Heller, for serving as the Class Representative. In accordance with the Settlement Agreement, this amount shall be paid from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement.

14. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

15. This action is hereby dismissed with prejudice and without taxable costs to any Party.

16. All claims or causes of action of any kind about advertising faxes sent by HRB's Maryland Heights Office during the short time period from March 1, 2010 to April 30, 2010, by any Class member brought in this Court or any other forum (other than persons who have opted out of this action previously or this Settlement) are barred pursuant to the Releases set forth in the Settlement Agreement.

17. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or this Order do not for any reason become effective, or (c) the Settlement Agreement or this Order is reversed, vacated, or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement

shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Order shall be void and shall be deemed vacated.

18. For 90 days after entry of this Order, the Court retains continuing jurisdiction over this action, Heller and all members of the Settlement Class, and HRB to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement. The Court retains jurisdiction to enforce this Order.

19. The Court finds that there is no just reason to delay the enforcement of or appeal from this Order.

BY ORDER OF THE COURT

Dated: 8/9/13

Honorable Terry I. Adelman